UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 21-cv-2423 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| North Star Mutual Insurance; Cory Melbo, Individual and Officially; and Jodi Mae St. Peter, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff James Paul Aery's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff did not pay the filing fee for this case, but instead filed an application seeking leave to proceed in forma pauperis ("IFP"). (See, IFP Application [Docket No. 2]). Plaintiff's IFP application is now before the Court and must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or

1

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—which is part of the Prison Litigation Reform Act of 1995 ("PLRA")—prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, Plaintiff's jail financial documentation, (IFP Application [Docket No. 2] at 6), reveals that he has a substantial negative balance, and he therefore "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Accordingly, the requirement

2

to pay an initial partial filing fee at the outset of this case will be waived. Nevertheless, the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid by Plaintiff in later installments.[1] See, 28 U.S.C. § 1915(b)(1). It will be recommended below that jail officials be ordered to deduct funds from Plaintiff's trust account and submit such funds to the Court as funds become available to Plaintiff, as required by § 1915(b)(2).

Because Plaintiff has filed for IFP status, this matter is also subject to substantive review under 28 U.S.C. § 1915(e)(2)(B), which permits a court to dismiss an action filed by an IFP applicant that is frivolous, malicious, or fails to state a claim on which relief may be granted before service of process is effected. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See, Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Pro se complaints are to be construed liberally, but even pro se complaints still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The succinct Complaint filed by Plaintiff in this action relates to a dispute over an insurance policy. Based on the allegations in the Complaint, Plaintiff states that he seeks relief for "violation of civil rights," presumably pursuant to 42 U.S.C. § 1983, and for "breach of contract—insurance policy." (Compl. [Docket No. 1] at 1). Title 42 U.S.C. § 1983 imposes liability on only state actions. None of the Defendants, however, is a state actor, and thus none of the Defendants is amenable to a suit for vindication of civil rights brought under § 1983. See, Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On December 1, 2020, the district courts began to assess an additional $52.00 administrative fee, raising the total fee to $402.00. The PLRA, however, applies only to the statutory filing fee. Thus, Plaintiff will be required to pay the unpaid balance of the $350.00 statutory filing fee — not the $402.00 total fee — in installments pursuant to § 1915(b)(2).

under Section 1983.").[2] Nor does any other federal-law statute or cause of action obviously apply to the allegations raised in Plaintiff's Complaint. Plaintiff has not stated a claim on which relief may be granted under federal law. Therefore, the undersigned recommends Plaintiff's § 1983 claim be dismissed for failure to state a claim.

The recommended dismissal of Plaintiff's § 1983 claim leaves only state-law based claims in Plaintiff's Complaint. Plaintiff expressly brings at least one claim—the breach of contract claim—that is undoubtedly governed by state law. But federal question jurisdiction under 28 U.S.C. § 1331 does not provide a basis for the Court's original jurisdiction over any such state-law claims.

There is also no basis for diversity jurisdiction alleged in Plaintiff's Complaint. Plaintiff does not allege that the parties are of diverse citizenship; in fact, each party appears to be, at a minimum, a resident of Minnesota. (See, Compl. [Docket No. 1] at 1). Thus, the Complaint fails to adequately allege that diversity jurisdiction under 28 U.S.C. § 1332(a) provides a basis for the Court's jurisdiction, either.[3]

Moreover, the Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal-law claims are dismissed prior to trial. See, Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008). Lacking jurisdiction over the state-law claims, the Court must recommend dismissal of those claims as well.

---

[2] Plaintiff fails to even allege that any Defendant is a state actor. (See, Compl. [Docket No. 1]).
[3] In fact, Plaintiff has not included any allegations regarding the grounds for the Court's subject matter jurisdiction, in violation of Rule 8(a)(1) of the Federal Rules of Civil Procedure.

Accordingly, it is recommended that the entirety of Plaintiff's Complaint be dismissed without prejudice—the federal-law claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the state-law claims for lack of subject matter jurisdiction.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **GRANTED**;

2. Plaintiff be directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined; and

3. This matter be **DISMISSED without prejudice**.

Dated: November 8, 2021

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).