UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES PAUL AERY, | |
| Plaintiff, | Civil No. 21-2423 (JRT/LIB) |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| NORTH STAR MUTUAL INSURANCE, CORY MELBO, AND JODI MAE ST. PETER, | |
| Defendants. | |

James Paul Aery, Beltrami County Jail, 626 Minnesota Avenue Northwest, Bemidji, MN 56601, *pro se* plaintiff.

Plaintiff, James Paul Aery, commenced this lawsuit against Defendants North Star Mutual Insurance, Cory Melbo, and Jodi Mae St. Peter alleging a violation of his civil rights under 42 U.S.C. § 1983, breach of contract, and misrepresentation. Aery is currently incarcerated and applied to proceed in this Court in forum pauperis ("IFP"). The Magistrate Judge issued a report and recommendation ("R&R") recommending: (1) that Aery's application to proceed IFP be granted; (2) that Aery is directed to pay the statutory filing fee pursuant to 28 U.S.C. § 1915(b)(2); and (3) that the matter be dismissed without prejudice for failure to state a claim upon which relief may be granted. Aery has filed objections to the Magistrate Judge's R&R. Aery may proceed IFP pursuant to the requirements of § 1915(b)(2). Further, because Aery's Complaint fails to allege that Defendants are state actors under § 1983 and because the Court will not exercise

1

supplemental jurisdiction over his sole remaining state law claim, his Complaint will be dismissed without prejudice.

The Complaint appears to relate to a dispute over an insurance policy. (Compl., at 1, Nov. 2, 2021, Docket No. 1.) Aery seeks relief for "violation of civil rights," presumably under 42 U.S.C. § 1983 and "breach of contract–insurance policy." (*Id.* at 1.) Aery is currently incarcerated at Beltrami County Jail. (*Id.*) Aery filed an application to proceed in court without prepaying fees or costs and demonstrating that he did not have the funds to pay those fees. (App. at 6, Nov. 2, 2021, Docket No. 2.) The Magistrate Judge granted Aery's IFP application stating that 28 U.S.C. § 1915(b) applied and though Aery may proceed without initially paying, he is not excused from paying the fees altogether. (R&R at 2, Nov. 8, 2021, Docket No. 3.) The Magistrate Judge then went on to substantively review Aery's claims under § 1915(e)(2)(B). The Magistrate Judge recommended dismissing the Complaint for failure to state a claim, holding that the § 1983 claim should be dismissed because none of the Defendants are state actors and the state law claims should be dismissed because the Court has neither diversity nor supplemental jurisdiction. (*Id.* at 3–4.) Thus, the Magistrate Judge recommended granting the IFP application, ordering that Aery is still liable to pay the fees pursuant to the method described in § 1915(b)(2), and dismissing the Complaint without prejudice. (*Id.* at 5.)

Aery has filed objections to the R&R claiming: (1) that he does not see how no mention of state actors under his § 1983 claim constitutes a reason to dismiss; (2) his

claim amount exceeds $15,000 so this court has jurisdiction; and (3) his claims necessitate a jury pool from outside the area to decide the issue of county corruption. **(**R&R Obj., at 1, Nov. 17, 2021, Docket No. 5.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo[1] a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II. ANALYSIS

Aery's objections relate solely to the Magistrate Judge's recommendation that his Complaint be dismissed. He does not object to the Magistrate Judge's recommendation

---

[1] De novo means that this Court will review the evidence and the law independently, meaning the Magistrate Judge's prior ruling has no influence on how the Court reviews the issues. In essence, the Court will review the case from the start, as if it was the first court to be reviewing and weighing in on the issues.

3


that his IFP application be granted, and he be directed to pay the $350.00 statutory filing fee pursuant to the method prescribed by § 1915(b)(2). Therefore, the Court will adopt the Magistrate Judge's R&R on this issue and grant the IFP application.

As to Aery's first objection, § 1983 imposes liability only on state actors, meaning that this claim must be dismissed unless Defendants are state actors. A state actor is a state official or someone acting under state authority. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants are private individuals and, moreover, Aery is suing them in relation to a violation of an insurance policy that does not involve any state action. Aery makes no allegations that Defendants are state officials or acting with state authority. Because Defendants are not state actors, Aery cannot sue them under § 1983 and this claim must be dismissed.

As to Aery's second objection, this Court does not have subject matter jurisdiction under either diversity jurisdiction or supplemental jurisdiction. Aery claims that because he is asking for more than $15,000, this Court is the proper venue. This is incorrect. The U.S. District Courts are federal courts and have jurisdiction over cases in several different ways, one being diversity jurisdiction. Diversity jurisdiction allows parties to sue in federal court if they are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Even if the Court were to liberally construe Aery's Complaint to request more than $75,000 in damages, Aery has not shown that the Defendants reside in a different state than him. Therefore, the Court cannot exercise diversity jurisdiction.

Another way U.S. District Courts can exercise jurisdiction over cases is through supplemental jurisdiction.  28 U.S.C. § 1367.  This type of jurisdiction allows the Court to decide state law claims, like breach of contract, when the plaintiff has also brought a federal claim.  However, "[w]hen resolution of remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).  Since the federal § 1983 claim has been dismissed, the Court will decline to exercise jurisdiction over the breach of contract claim.  Therefore, the Court will dismiss the entire Complaint without prejudice.

Though Aery is barred from filing in county conciliation court based on the amount he is asking in damages, he is more than able to file his claim in the state district court.  As to Aery's third objection, if he files his state law claim in state court, he may have the opportunity for a jury to determine his case.  This objection is not grounds to reach a different conclusion from the Magistrate Judge.

In sum, the Court will overrule all of Aery's objections, adopt the R&R, grant Aery's IFP application pursuant to 1915(b)(2), and dismiss Aery's Complaint without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the R&R [Docket No. 5] are **OVERRULED**;
2. The R&R [Docket No. 3] is **ADOPTED**;

3. Plaintiff's application to proceed in forma pauperis [Docket No. 2] is **GRANTED**;

4. Plaintiff is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined; and

5. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PRJEUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 22, 2021　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Judge